IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MASON WHITE HYDE-EL,           )
                               )
        Plaintiff,             )
                               )
    v.                         )   1:16CV897
                               )
D.T. MILLER, II, et al.,       )
                               )
        Defendant(s).          )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff does not name proper Defendants or raise sufficient allegations against the Defendants he names. Plaintiff names a state court Magistrate and District Attorney as Defendants. However, judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). Prosecutors also have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Plaintiff also names a state court Clerk of Court as a Defendant. Not only are court clerks accorded derivative absolute immunity when they act in obedience to judicial order or under the court's direction, see, e.g., McCray v. State of Md., 456 F.2d 1 (4th Cir. 1972), but Plaintiff's only allegation against the clerk is that she provided him with his entire criminal case file. It is not clear how this could have violated his federal rights. Finally, Plaintiff names two law enforcement officers as Defendants. His only allegations against them are that one signed warrants for his arrest and both acted as witnesses against him in front of a grand jury. Signing warrants and acting as a grand jury witness, without more, do not state claims for relief under § 1983. Plaintiff

appears to believe that Defendant J.D. Hartman may have procured the initial arrest warrants without supplying a proper affidavit demonstrating probable cause. However, Plaintiff's allegations in are unclear and conclusory on this point.

2. Plaintiff does not appear to set out any proper claim for relief. He continues to raise claims which are conclusory, and which also appear to call his criminal conviction into question. Plaintiff is not permitted to do this without first showing that such conviction has been reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 4th day of August, 2016.

_____
Joe L. Webster
United States Magistrate Judge